**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0841n.06
Filed: October 12, 2005

**03-4561**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BREWERY DISTRICT SOCIETY, DENNISON PLACE ASSOCIATION, and MALCOLM COCHRANE, | ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| FEDERAL HIGHWAY ADMINISTRATION, | ) ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY, MOORE, and McKEAGUE, Circuit Judges.

**PER CURIAM.** The action giving rise to this appeal was filed in district court by a coalition of preservationists who sought to prevent demolition of the historic Ohio State Penitentiary in downtown Columbus and, having failed in that endeavor, now seek "an appropriate mitigation alternative for the adverse impacts upon the site" of the demolition. The plaintiffs claimed that the defendant, the Federal Highway Administration (FHWA), had violated a federal statute requiring federal construction projects to include measures to preserve sites of historical significance by allowing the City of Columbus to "de-federalize" a construction project (the "B-4 connector") related to a long-term federal highway construction program (the Spring/Sandusky Interchange Project or "SSI Project") and to

proceed with alternative, non-federal construction that led to the razing of at least part of the state's original penitentiary buildings. After the plaintiffs presented their evidence at trial, the district court dismissed the case pursuant to Fed. R. Civ. P. 52(c), holding that "the plaintiffs ha[d] failed to prove an essential element of the case, that is that B-4 was not separate and independent (from the federally-funded SSI Project)."

We review facts found by the district court as a basis for dismissal pursuant to Fed. R. Civ. P. 52(c) for clear error. The district court's legal conclusions are reviewed *de novo*. *See Sharp ex rel. Estate of Sharp v. United States*, 401 F.3d 440, 442 (6th Cir. 2005). "Clear error will be found only where the reviewing court is left with the definite, firm conviction that a mistake has been made. The issue is not whether the district court reached the best conclusion, but whether the evidence before the court supports the district court's findings. Also, the district court's findings based on the credibility of the witnesses before it are entitled to great deference on appeal." *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005).

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. The record indicates that the SSI Project was intended to complete and upgrade I-670 at its intersection with State Route 315 in downtown Columbus. Independent of that federally funded program, the city proposed a project designed to improve traffic flow in the general area of the SSI Project. The design originally included

the construction of a local road connecting Neil Avenue and Nationwide Boulevard near Front Street and was designated B-4 on project maps. The defendant's exhibits indicate that despite the appearance of the B-4 connector on SSI Project maps, it was never considered part of the larger construction program and was subject to a different environmental assessment process than that undergone by the proposed SSI construction.

Apparently, the city had received federal funds for the B-4 connector from a source other than the SSI Project funding and in 1997, when the city initiated a new plan for the development of an arena in the same vicinity, it cancelled the B-4 connector project and returned the federal funds. As part of the arena development, another plan for dealing with local traffic was designed that necessitated the demolition of some of the penitentiary buildings, leading to the filing of this action. In their original complaint, the plaintiffs contended that the B-4 connector had been improperly segmented out of the SSI Project and that the replacement project, even though not part of the federally-funded construction, constituted an "end run" around the environmental review procedures applicable to federal highway construction such as the SSI Project. After the city razed the buildings at issue in this case, the plaintiffs supplemented their complaint, contending that the FHWA should be held responsible for mitigating the effects of the demolition of the penitentiary buildings.

However, there was no proof that the B-4 connector was ever part of the SSI Project, nor – as the district court found – could the later replacement construction, locally

initiated and financed, be considered a federal project "merely because it will relieve some of the same congestion that B-4 would have."

For the reasons set out above, as well as those articulated by the district judge in granting the defendants' Rule 52 motion, we find no clear error and, therefore, AFFIRM the judgment of the district court.